Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant, *v.* John B. Nagle, Appellee.

Submitted on briefs February 7, 1974, to Judges CRUMLISH, JR., WILKINSON, JR., and MENCER, sitting as a panel of three.

132

*John L. Heaton,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Israel Packel,* Attorney General, for appellant.

No appearance for appellee.

OPINION BY JUDGE WILKINSON, March 5, 1974:

Appellee's operator's license was suspended by the Secretary of Transportation for a period of one month for a violation of Section 1002(b)(8) of The Vehicle Code, Act of April 29, 1959, P. L. 58, as amended, 75 P.S. §1002(b)(8) for traveling 60 miles per hour in a 45 mile per hour reduced speed zone. After a de novo hearing, this suspensoin was set aside when the lower court found that the Commonwealth had not carried its burden of proving that the signs establishing the reduced speed zones were "properly posted one-eighth of a mile apart, a legal requirement under Section 1002(b)(8)." We must reverse the lower Court and reinstate the suspension.

Section 1002(b)(8) does not require signs to be posted exactly one-eighth of a mile apart. It provides that they shall be spaced "not less than" one-eighth of a mile apart.

The arresting officer testified in chief that the signs were properly posted on the right-hand side of the roadway eastbound. On cross-examination: "Q. Do you know how far the speed limit signs were apart? A. Yes, sir; one-eighth of a mile. Q. Did you measure

them? A. No, sir, I did not. I measured them in the past. I did not measure them this date. Q. Do you know whether they were still in the same location? A. As far as I remember, yes, sir. Q. How do you know that? A. Appeared to be in the same location. I couldn't testify. Q. How far are they supposed to be apart? A. One-eighth of a mile. Q. How did you measure them on a previous occasion? A. They were measured with the vehicle. Q. With the vehicle, not a tape? A. Not a tape, no, sir."

The defendant testified at length in an effort to show he was not going 60 miles an hour and that due to engine trouble the car he was operating that day was not capable of going 60 miles an hour. However, the testimony showed that this speeding took place on a downhill slope and the lower court found specifically that he was in fact going 60 miles per hour.

It is apparent from the lower court's Opinion that it was concerned that the penalty applied here of one month's suspension as properly applied by the Secretary was unduly severe in view of the appellee's 19 years' driving record. However, for emphasis, we quote here Justice MUSMANNO in *Commonwealth v. Moogerman*, 385 Pa. 256, 259, 122 A. 2d 804, 806 (1956) : "The decision of the County Court in the case at bar, if unreversed, would tend to give ballast to the unsubstantiated notion that the courts may be called upon to function as ex-officio pardon boards to mitigate the penalties which the Legislature empowered the Secretary of Revenue (now Transportation) to impose under given conditions."

If this appellee were contesting the fact of proper posting and produced testimony to contradict the officer, we would have a different situation. The fact that the officer could not testify positively that the signs were not moved between the time he measured them and the date of the offense, albeit, he did testify that

they did not appear to have been moved, was not sufficient for the lower court to find that the Commonwealth had not met its burden of proof by the preponderance of the testimony. Indeed, the affirmative testimony of the officer was the *only* testimony on the distance between the signs.

Accordingly, we enter the following

### ORDER

Now, March 5, 1974, the Order of the court below, dated May 2, 1973, is reversed and the Order of Suspension imposed by the Secretary of Transportation is reinstated. A reinstated suspension shall be issued by the Secretary of Transportation within 30 days.